UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:09-CR-456 |
| | § | (CIVIL ACTION NO. C-12-310) |
| WELLES D BACON | § | |

## **ORDER**

Pending before the Court is Welles Bacon's Motion for an Enlargement of Time to File a Response to 2255 Motion and Production of Documents which was received by the Clerk on December 12, 2012. D.E. 110. The motion is granted in part and denied in part.

Bacon claims that the government failed to comply with 28 U.S.C. § 2249 when it failed to provide him with certified copies of all documents referenced in its response. He claims he is entitled to the documents pursuant to 28 U.S.C. § 2249. The Rules Enabling Act supersedes § 2249, which is procedural in nature. See 28 U.S.C. § 2072(b).[1] A rule prescribed within the "power delegated to this court, has the force of a federal statute." Sibbach v. Wilson & Co., 312 U.S. 1, 13 (1941). If a rule satisfies the requirements of the Rules Enabling Act, "[a]ll laws in conflict with such rules shall be of no further force or effect." 28 U.S.C. § 2072(b). The case

---

[1] (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.

b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

(c) Such rules may define when a ruling of a district court is final for the purposes of appeal under section 1291 of this title.

Id.

Bacon relies upon, Sixta v. Thaler, 615 F.3d 569 (5th Cir. 2010),[2] is a § 2254 proceeding in which the records of the prior proceedings are state court records not available to the federal district court.[3] Different rules apply to § 2254 proceedings. See Rule 5, Rules Governing Section 2254 Proceedings in the United States District Courts.

Rule 5(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "if the answer refers to briefs or transcripts of the prior proceedings are not available in the court's records, the judge must order the government to furnish them within a reasonable time that will not unduly delay the proceedings." Id. The government has done so. Every document referenced is part of the docket available to the Court. The Court finds that the government has complied with the applicable rule.

Bacon's motion reasserts his previous request for documents at government expense. Bacon did not request indigent status when he was arrested and he was represented by multiple retained counsel throughout the criminal proceedings and his direct appeal. He has appealed this Court's denial of his motion to return property and did not seek indigent status at that time. A review of his PSR indicates that Bacon was employed earning $13,000 per month or more in the years before his arrest. D.E. 32 at ¶¶ 52-55. His net worth was substantial at the time of sentencing and he had unencumbered assets. Id. at ¶ 58. Based upon the information available to

---

[2]"When the respondent does, in fact, attach exhibits to the answer, there can be little dispute that those exhibits must be served together with the answer itself on the habeas petitioner. Civil Rule 5(a) provides that 'a pleading filed after the original complaint' 'must be served on every party.'" Id. at 572.

[3]Habeas Rule 5(a) requires the respondent in a § 2254 proceeding to file an answer to the petition when the "judge so orders." Habeas Rule 5(b) prescribes the required contents of the answer, specifying that it "must address the allegations in the motion" as well as procedural bars to adjudication on the merits. Habeas Rule 5(c) requires that the answer "indicate what transcripts ... are available, when they can be furnished, and what proceedings have been recorded but not transcribed." Finally, also under Habeas Rule 5(c), "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant."

Sixta, 615 F.3d at 572.

the Court, Bacon does not qualify as indigent. Accordingly, he is not eligible to receive court records at government expense and that portion of his motion is denied. Bacon has previously been furnished with the information necessary to order court documents at his own expense. D.E. 84 (Order dated January 31, 2012).

Bacon contends that because his former counsel filed Affidavits with the Court, that he is entitled to propound interrogatories to counsel. D.E. 110 at p. 2. He does not state the basis for this alleged right. A judge in § 2255 proceedings "may, for good cause" authorize discovery, but leave of court is required. See Rule 6(a), Rules Governing Section 2255 Proceedings for the United States District Courts. Should Bacon wish to conduct discovery, he must proceed as required by Rule 6. The Court will only then consider his request.

The Court grants Bacon's request for an extension of time of 30 days to file his Reply. If he wishes to view his PSR, he may do so with his case manager at the BOP facility in which he is incarcerated.

Bacon's motion (D.E. 110) is DENIED in part, and GRANTED in part.

SIGNED and ORDERED this 18th day of December, 2012.

Janis Graham Jack
Senior United States District Judge