UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:09-CR-456 |
| | § | |
| WELLES D BACON | § | |

## ORDER DENYING RULE 60(B) MOTION AND DENYING CERTIFICATE OF APPEALABILITY

Welles D. Bacon filed a *pro se* Rule 60(b) motion to set-aside his conviction and sentence. D.E. 139. He challenges the integrity of this Court's original criminal proceedings on multiple grounds.

Bacon pleaded guilty to one count of possession of child pornography in July 2009. He was sentenced in January 2010 to 120 month's imprisonment to be followed by lifetime supervised release. The Fifth Circuit Court of Appeals affirmed his conviction and sentence in July 2011. *United States v. Bacon*, No. 10-40088 (5th Cir. 2011) (per curiam) (designated unpublished).

Bacon filed a motion to vacate, set-aside or correct sentence in 2012. The Court denied the motion by Order and final judgment dated September 17, 2013.[1] Bacon filed a Motion to Alter or Amend the Judgment that the Court granted in part and denied in part in February 2014. Bacon filed the present motion in January 2018.

---

[1] Bacon raised the following issues in his motion: 1) his conviction was obtained in violation of the Fourth Amendment and counsel should have moved to suppress Bacon's statement during the search; 2) counsel was ineffective because he grossly underestimated Bacon's sentencing exposure; 3) counsel was ineffective at sentencing for failing to make appropriate motions for departure, or to investigate and bring relevant facts to the Courts attention in mitigation of his sentence; 4) counsel provided ineffective assistance during plea negotiations; and 5) appellate counsel provided ineffective assistance by failing to raise issues on appeal.

Bacon attacks the integrity of the original criminal proceedings based upon the alleged violation of his Fourth Amendment rights during the application for a search warrant of his home in 2009. Bacon further complains that he was deprived of procedural and substantive due process based upon the Government's destruction of evidence and the Government's failure to bring evidence before the Court.[2] Bacon argues that this Court did not have jurisdiction over him because the Government lost the evidence. Next, Bacon claims that counsel was ineffective because he failed to challenge the method by which the Government obtained the evidence. Bacon finally contends that he was not advised of the charges against him, what the Government was required to prove, or the nature of his constitutional rights.[3] In support of his claims, Bacon attached numerous letters to various law enforcement agencies in which he sought materials including: 1) inventory of materials seized from his home, 2) reports from the Cyber-Crime Unit, 3) the warrant and supporting affidavit for the search of his home, and 4) the Notice of Destruction of Evidence with supporting affidavits.

## ANALYSIS

### A.    Federal Rule of Civil Procedure 60(b)

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2017); *United*

---

[2] The Government responded to Bacon's motion for return of property on July 19, 2012. The Government provided evidence that the material was destroyed on September 11, 2009, after Bacon's conviction was affirmed and his appeals were exhausted. *See* D.E. 91.

[3] The record of Bacons rearraignment contradicts his claims. *See* D.E. 67, pp. 9-13. The Court advised Bacon of the elements of the offense he was charged with, his constitutional trial rights, and Bacon testified he understood.

*States v. Flores*, 380 F.3d 371 at *1 (5th Cir., Feb. 8, 2010) (designated unpublished) ("Rule 60(b) applies only to civil cases and 'simply does not provide relief from a judgment in a criminal case.'"); *United States v. O'Keefe*, 169 F.3d 281, 289 (J. Dennis dissenting from grant of motion for temporary stay pending appeal) ("Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case."); *United States v. Scott*, 199 F.3d 438, *1 (5th Cir., Oct. 19, 1999) (designated unpublished) (" Rule 60(b) is a rule of civil procedure designed to facilitate challenges to errors in civil judgments. The rule has no application to criminal convictions.").

Bacon's Rule 60 motion may be considered if it attacks the resolution of his § 2255 motion,[4] but Rule 60 has no application to his original criminal proceedings. Bacon's present motion attacks alleged flaws in the original criminal proceedings. Such challenges may be made by a motion to vacate, set aside or correct sentence. Bacon has already filed a § 2255 motion that raised many of the claims he brings in the present motion.

**B.     Bacon's Motion Is Second or Successive**

Claims that Bacon should have or could have brought in his previous § 2255 motion are second or successive.[5] *Gonzalez*, 545 U.S. at 532 (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2255). Bacon is only entitled to a single § 2255 motion unless he obtains the permission of the Fifth Circuit Court of Appeals to file a second motion. *See Gonzalez*, 545 U.S. at 531; *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28

---

[4] It is only when a Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the *federal habeas proceedings*," that it does not raise a second or successive claim. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis added).

[5] Bacon's claim that the search of his home in 2009 violated the Fourth Amendment was raised and addressed in his original § 2255 motion. Bacon's claims regarding the voluntariness of his guilty plea were also addressed. Bacon has also previously attacked the effectiveness of his counsel in his previous § 2255 motion. Bacon's claims regarding destruction of evidence are new in this context.

U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Bacon's motion does not indicate that he has sought or obtained such permission. Without permission from the Fifth Circuit, this Court does not have the power to adjudicate his claims.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); *Williams v. Quarterman*, 293 Fed. App'x 298 at *16 (5th Cir., Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion.").

A Certificate of Appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have

been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Bacon is not entitled to a Certificate of Appealability on any of his claims. Reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## CONCLUSION

For the foregoing reasons, Bacon's Rule 60(b) motion (D.E. 139) is DENIED. He is also denied a Certificate of Appealability.

SIGNED and ORDERED this 5th day of April, 2018.

Janis Graham Jack
Senior United States District Judge